# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 6425 | **DATE** | 11/20/2001 |
| **CASE TITLE** | CFTC vs. NICKOLAOU, ET AL | | |

**MOTION:**    [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1)  ☐  Filed motion of [ use listing in "Motion" box above.]

(2)  ☐  Brief in support of motion due _____.

(3)  ☐  Answer brief to motion due_____. Reply to answer brief due_____.

(4)  ☐  Ruling/Hearing on _____ set for _____ at _____.

(5)  ☐  Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6)  ☐  Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7)  ☐  Trial[set for/re-set for] on _____ at _____.

(8)  ☐  [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9)  ☐  This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10)  ■  [Other docket entry]  **Status hearing held. ENTER CONSENT ORDER OF PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF AGAINST DEFENDANT NICHOLAS J. NICKOLAOU INDIVIDUALLY AND D/B/A CAN-NI INDUSTRIES, LTD.**
**Pursuant to Rule 4l(a)(l)(i) of the Fed.R.Civ.P., Plaintiff voluntarily dismisses the remaining defendants Audrey M. Lombardi-Nickolaou and World Wide Financial Traders Association, Ltd.**

(11)  ■  [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | NOV 2 3 2001 date docketed | |
| ✓ | Docketing to mail notices. | | 86 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | NOV 2 3 2001 date mailed notice | |
| TBK | courtroom deputy's initials | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

01 NOV 21 AM 9: 16

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| COMMODITY FUTURES TRADING COMMISSION, | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| NICHOLAS J. NICKOLAOU, individually and d/b/a | ) | |
| CA-NI INDUSTRIES, LTD., a general partnership, | ) | |
| Defendants, | ) | No. 99 C 6425 |
| and | ) | |
| | ) | |
| AUDREY M. LOMBARDI-NICKOLAOU, | ) | |
| Individually and d/b/a CA-NI INDUSTRIES, LTD., | ) | |
| a general partnership, | ) | |
| Relief Defendant, | ) | |
| and | ) | |
| | ) | |
| WORLD WIDE FINANCIAL TRADERS | ) | |
| ASSOCIATION, LTD., a corporation, | ) | |
| | ) | |
| Relief Defendant. | ) | |

**DOCKETED**

NOV 2 3 2001

## CONSENT ORDER OF PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF AGAINST DEFENDANT NICHOLAS J. NICKOLAOU INDIVIDUALLY AND D/B/A/ CA-NI INDUSTRIES, LTD.

### I.

1.    On September 30, 1999, Plaintiff Commodity Futures Trading Commission ("Commission") filed a Complaint against Nicholas J. Nickolaou, individually and d/b/a Ca-Ni Industries, Ltd., seeking injunctive and other equitable relief for violations of the Commodity Exchange Act, as amended (the "Act"), 7 U.S.C. §§ 1 et seq. (1994)[1] and regulations promulgated thereunder, 17 C.F.R. §§ et seq. (2000).  The Court entered a Consent Order of Preliminary Injunction against the defendants on December 27, 1999.  The order enjoined the

---

[1] The Act has recently been amended by the Commodity Futures Modernization Act of 2000 ("CFMA"), Appendix E to Pub. L. No. 106-554, 114 Stat. 2763 (2000).  The CFMA did not amend the specific sections of the Act charged in the complaint.

defendants from dissipating or disposing of any assets in their custody or control and enjoined them from committing further violations of the Act as alleged in the complaint. On May 17, 2001, the Commission filed a First Amended Complaint ("Complaint") naming Audrey M. Lombardi-Nickolaou and World Wide Financial Traders Association, Ltd. as relief defendants.

2.     To effect settlement of the matters alleged in the Complaint against Nickolaou without a trial on the merits, Nickolaou consents to the entry of this Consent Order of Permanent Injunction and Other Equitable Relief Against Nicholas J. Nickolaou Individually and d/b/a Ca-Ni Industries, Ltd. ("Order"). Nickolaou also: (1) waives service of the summons and acknowledges receipt of the Complaint; (2) admits both personal and subject matter jurisdiction of this Court in this action; (3) admits that venue properly lies with this Court; and (4) generally waives the entry of Findings of Fact and Conclusions of Law in this action pursuant to Rule 52 of the Federal Rules of Civil Procedure, except as provided in Parts II and III below.

3.     By consenting to the entry of this Order, Nickolaou neither admits nor denies the allegations of the Complaint and the Findings of Fact contained in this Order, except as to jurisdiction and venue. However, Nickolaou agrees and the parties to this Order intend that the allegations of the Complaint and all of the Findings of Fact made by this Court and contained in Part II of this Order shall be taken as true and correct and be given preclusive effect without further proof only for the purpose of any subsequent bankruptcy proceeding filed by, on behalf of, or against Nickolaou for the purpose of determining whether his restitution obligation and/or other payments ordered herein are excepted from discharge. Nickolaou also shall provide immediate notice of any bankruptcy filed by, on behalf of, or against him in the manner required by Part VI, paragraph 1 of this Order.

4. Nickolaou waives: (1) all claims that he may possess under the Equal Access to Justice Act ("EAJA"), 5 U.S.C. § 504 (1994) and 28 U.S.C. § 2412 (1994), as amended by Pub. L. No. 104-121, §§ 231-32, 110 Stat. 862-63, and Part 148 of the Commission's Regulations, 17 C.F.R. §§ 148.1, et seq. (2000), relating to or arising from this action and any right under EAJA to seek costs, fees and other expenses relating to or arising from this proceeding; (2) any claim of Double Jeopardy based upon the institution of this proceeding or the entry in this proceeding of any order imposing a civil monetary penalty or any other relief; and (3) all rights of appeal from this Consent Order.

5. Nickolaou also consents to the continued jurisdiction of the Court for the purpose of enforcing the terms and conditions of this Consent Order and for any other purposes relevant to this case.

6. Nickolaou further affirms that he has read this Consent Order and agrees to entry of this Consent Order voluntarily, and that no promise or threat of any kind has been made by the Commission or any member, officer, agent or representative thereof, or by any other person, to induce him to consent to this Consent Order, other than as set forth specifically herein.

7. The Court, being fully advised in the premises, finds that there is good cause for the entry of this Consent Order and that there is no just reason for delay. The Court therefore directs the entry of findings of fact, conclusions of law and a permanent injunction and ancillary equitable relief, pursuant to § 6c of the Act, 7 U.S.C. § 13a-1, as set forth herein.

## II.

## **FINDINGS OF FACT**

The Court hereby makes the following findings of fact:

1. This Court has subject matter jurisdiction over this action and the allegations in

the Complaint pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1.

2.     This Court has personal jurisdiction over Nickolaou pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1, and Nickolaou has acknowledged receipt of the Complaint and consented to the Court's jurisdiction over him.

3.     The Commission and Nickolaou have agreed that this Court shall retain jurisdiction over each of them for the purpose of enforcing the terms of this Consent Order.

4.     Venue properly lies with this Court pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1.

5.     The Plaintiff Commodity Futures Trading Commission is an independent federal regulatory agency charged with the responsibility of administering and enforcing the provisions of the Act and regulations promulgated thereunder.

6.     Defendant Nicholas J. Nickolaou resides at 2440 Albury Avenue, Deltona, Florida, 32738. He is a 49% owner of Ca-Ni and has been held out to the public as its chairman.

7.     Defendant Ca-Ni Industries, Ltd. is a *de facto* partnership owned and operated by Nickolaou and Lombardi-Nickolaou. Prior to approximately June 1998, Ca-Ni's principal place of business was the Nickolaou's home in Lemont, Illinois. Ca-Ni has been a registered Commodity Trading Advisor ("CTA") since August 1991.

8.     From at least 1995 to the present, Nickolaou has been and has acted as a CTA, which the Act defines, in pertinent part, as a person who, for compensation or profit, engages in the business of advising others, either directly or through publications, writings, or electronic media, as to the advisability of trading in any contract of sale of a commodity for future delivery made or to be made on or subject to the rules of a contract market. Section 1(a)(6) of the Act, 7 U.S.C. § 1(a)(6).

9.      Since at least 1995, Nickolaou has been engaged in the business of selling

Wisdom of the Ages ("WOTA"), a computer-aided trading program and trading methodology.

Nickolaou promotes WOTA for use in making decisions to buy and sell commodity futures and

other exchange-traded instruments. Nickolaou particularly emphasizes using WOTA to trade the

S&P 500 futures contract, which trades on the Chicago Mercantile Exchange, a CFTC designated

contract market.

10.     Nickolaou sells the program for $10,000, which may be paid in installments,

called "leases." Nickolaou also makes trial versions of the program available for varying lengths

of time and varying sums of money.

11.     From at least 1995 to the present, Nickolaou has solicited members of the general

public to purchase WOTA. His solicitations have included advertisements in various futures

industry publications, including *Futures Magazine, Technical Analysis of Stocks and

Commodities Magazine,* and *Omega Research* catalogs. Nickolaou has used the mails, the

Internet, and other means or instrumentalities of interstate commerce to solicit members of the

general public to purchase WOTA and to distribute information about WOTA to purchasers.

12.     In conversations with potential and existing customers, in his promotional

materials and in his advertisements, Nickolaou has knowingly engaged in a pattern of making

misleading statements, misrepresentations and material omissions about the value of the advice

provided by his trading program. Defendant's misrepresentations concern: (a) WOTA's track

record and the nature of Defendant's advertised trading performance; (b) Nickolaou's use of

WOTA in active trading; (c) the number and satisfaction of WOTA users; and (d) Nickolaou's

trading experience, which he claims provided the foundation for the WOTA trading

methodology.

13.     The WOTA purchasers relied on Nickolaou's false statements about WOTA and those false statements were material to their decisions to buy WOTA.

## III.

## CONCLUSIONS OF LAW

1.     From at least 1995 to the present, Nickolaou violated Section 4o1(A) of the Act, 7 U.S.C. § 6o1(A), in that he directly used the mails or other means or instrumentalities of interstate commerce to employ a device, scheme, or artifice to defraud purchasers and prospective purchasers of the WOTA trading program.

2.     From at least 1995 to the present, Nickolaou violated Section 4o1(B) of the Act, 7 U.S.C. § 6o1(B), in that he directly used the mails or other means or instrumentalities of interstate commerce to engage in transactions, practices or courses of business which operated as a fraud or deceit upon purchasers and prospective purchasers of the WOTA trading program.

## IV.

## ORDER FOR PERMANENT INJUNCTION

NOW THEREFORE, IT IS ORDERED THAT:

1.     Nickolaou and Ca-Ni are permanently restrained, enjoined and prohibited from directly or indirectly:

    a.     Cheating, defrauding or willfully deceiving, or attempting to cheat, defraud or deceive such other person in or in connection with any order to make, or the making of, any contract of sale of any commodity for future delivery, made or to be made, for or on behalf of any other person if such contract for future delivery is or may be used for (a) hedging any transaction in interstate commerce in such commodity or the products or byproducts thereof, or (b) determining the price basis of any transaction in interstate commerce in such commodity or (c) delivering any such commodity sold, shipped, or received in interstate commerce for the fulfillment thereof, in violation of Section 4b(a)(i) and (iii) of the Act, 7 U.S.C. § 6b(a)(i) and (iii);

b.    Employing any device, scheme, or artifice to defraud any customer or potential customer, or engaging in any transaction, practice, or course of business which operates as a fraud or deceit upon any customer or participant or prospective customer or participant by use of the mails or any means or instrumentality of interstate commerce, in violation of Section 4o(1) of the Act, 7 U.S.C. § 6o(1);

c.    Advertising in a manner which employs any device, scheme or artifice to defraud any participant or client or any prospective participant or client, or involves any transaction, practice or course of business which operates as a fraud or deceit upon any participant or client or any prospective participant or client, or presents the hypothetical performance of a commodity trading account without the prescribed disclosure statement which details the "inherent limitations" of such presentations, in violation of Commission Regulation 4.41(a) and (b), 17 C.F.R. § 4.41(a) and (b);

d.    Trading on or subject to the rules of any registered entity, as that term is defined in Section 1a(29) of the Act, 7 U.S.C. § 1a(29);

e.    Engaging in, controlling or directing the trading for any commodity interest account for or on behalf of any person or entity, whether by power of attorney or otherwise; and

f.    Applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration, except as provided for in Commission Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9), or acting as a principal, agent, officer or employee of any person registered, exempted from registration or required to be registered with the Commission, unless such exemption is pursuant to Commission Regulation 4.14(a)(9).

2.    The provisions of this Consent Order shall be binding upon Nickolaou and Ca-Ni, upon any person insofar as he or she is acting in the capacity of officer, agent, servant or employee of Nickolaou or Ca-Ni, and upon any person who receives actual notice of this Consent Order, by personal service or otherwise, insofar as he or she is acting in active concert or participation with Nickolaou or Ca-Ni.

# V.

## ORDER FOR OTHER EQUITABLE RELIEF

IT IS FURTHER ORDERED THAT:

1.    Restitution: Nickolaou is ordered to pay restitution in the amount of $265,105.15 ("Restitution Amount"). The Restitution Amount includes disgorgement of the same amount, to be paid for the purpose of compensating persons whose funds were solicited, received or disposed of by Nickolaou in violation of the statutory and other provisions identified in this Order.

Attachment A of this Order is a list of purchasers of WOTA and the total amount of restitution owed each purchaser. The parties hereto acknowledge that Attachment A may be incomplete for various reasons including, without limitation, that records have not been provided to the Commission, records are missing or have been destroyed. The parties agree that omission from Attachment A shall in no way limit the ability of any purchaser from seeking recovery from Nickolaou or any other person or entity, in this legal action, if that purchaser petitions the Court to be included on Attachment A within six months of the date of the entry of this Order. The parties also agree that any purchaser listed on Attachment A may remove him or herself from Attachment A by executing a Waiver of Right to Restitution form. The amounts contained in Attachment A as of the date of the entry of this Order shall not limit the ability of any purchaser from proving that a greater amount is owed from Nickolaou or any other person or entity, and nothing herein shall be construed in any way to limit or abridge the rights of any purchaser that exist under state or common law. The Commission is free to amend Attachment A at any time to change the amounts of pro rata distribution. Restitution shall be paid in accordance with the provisions of paragraph 2 below.

2.   Payment of Restitution: Restitution shall be made as follows:

a.   Nickolaou will cooperate in immediately transferring the entire balance of Alaron Trading Corporation account number 50015851, held in the name of World Wide Financial Traders Association, Ltd., to an account designated by a monitor determined by the Commission ("the Monitor") as an initial partial payment of restitution.

b.   Nickolaou shall make an annual restitution payment ("Annual Restitution Payment") according to the payment plan outlined in paragraph 4 below to an account designated by the Monitor of: (1) a percentage of the adjusted gross income (as defined by the Internal Revenue Code) earned or received by Nickolaou during the previous calendar year, plus (2) all other cash receipts, cash entitlements or proceeds of non-cash assets received by Nickolaou during the previous calendar year. The Annual Restitution Payment shall be made on or before July 31 of each calendar year, starting in calendar year 2002 and continuing for ten years or until the Restitution Amount is paid in full, whichever occurs sooner.

c.   The National Futures Association shall be designated as the Monitor for a period beginning with the date of entry of this Order and continuing until distribution of the last payment called for by this Order as described in previous subparagraph (b).

d.   Nickolaou shall provide the Monitor with a sworn Financial Disclosure Statement and complete copies of his signed federal income tax returns, including all schedules and attachments thereto (e.g., IRS Forms W-2) and Forms 1099, as well as any filings he is required to submit to any state tax or revenue authority, on or before May 15 of each calendar year, or as soon thereafter as the same are filed, starting in calendar year 2002 and continuing for a period of ten years or until the Restitution Amount is paid in full, whichever occurs first.

e.   Based on the information contained in Nickolaou's sworn Financial Disclosure Statement and other evidence provided by Nickolaou regarding his financial condition, the Monitor shall calculate the Annual Payment to be paid by Nickolaou for that year and the specific amounts payable to each of the purchasers listed in Attachment A. On or before July 15 of each year and starting in calendar year 2002, the Monitor shall send written notice to Nickolaou with instructions to pay the Annual Restitution Payment on or before July 31 to an account designated by the Monitor. The Monitor shall then disburse any payment by Nickolaou to the purchasers listed on Attachment A in the appropriate amounts, unless, in its sole discretion, based upon the amount of funds available for distribution, the Monitor decides to defer distribution. If at the end of the ten year payment period, any of the Annual Restitution Payments have not

been distributed or remains unclaimed, the Monitor shall either: (1) distribute the funds to the purchasers listed on Attachment A; (2) make a recommendation to the Commission providing for distribution of the funds to any other individual whose funds were solicited, received or disposed of by any other defendant in this matter; or (3) make a recommendation to the Commission that the funds become a civil monetary payment pursuant to Section 6(c) of the Act. Any of the Annual Payments that become a civil monetary payment shall be paid to the Commodity Futures Trading Commission for deposit to the United States Treasury, and addressed to Dennese Posey, or her successor, Division of Trading and Markets, Commodity Futures Trading Commission, 1155 21st Street, N.W., Washington D.C. 20581, under cover of a letter that identifies Nicholas J. Nickolaou and the name and docket number of this proceeding. A copy of the cover letter and the form of payment shall be simultaneously transmitted to Phyllis J. Cela, Acting Director, Division of Enforcement, Commodity Futures Trading Commission, or her successor, at the following address: 1155 21st Street, N.W., Washington D.C. 20581.

3.     CIVIL MONETARY PENALTY: Nickolaou shall pay a contingent civil

monetary penalty in the amount of $110,000 pursuant to the payment plan outlined in Paragraph

4 below, commencing upon Nickolaou's fulfillment of his total restitution obligation as set forth

in Paragraphs 1 and 2 above. Nickolaou shall make an annual civil monetary penalty payment

("Annual CMP Payment") following his satisfaction of his restitution obligation, and continuing

until December 31, 2012 (or until the civil monetary penalty is paid in full, if that happens first).

Nickolaou shall make each such Annual CMP payment by electronic funds transfer, or by U.S.

postal money order, certified check, bank cashier's check, or bank money order, made payable to

the Commodity Futures Trading Commission, and sent to Dennese Posey, or her successor,

Division of Trading and Markets, Commodity Futures Trading Commission, Three Lafayette

Centre, 1155 21st Street, N.W., Washington, DC 20581, under cover of a letter that identifies

Nicholas J. Nickolaou and the name and docket number of the proceeding. Nickolaou shall

simultaneously transmit a copy of the cover letter and the form of payment to the Monitor and to

Phyllis Cela, Acting Director, Division of Enforcement, Commodity Futures Trading

Commission, or her successor, at the following address: 1155 21st Street, NW, Washington, DC 20581.

    4.    ANNUAL PAYMENT: The Annual Payment (the Annual Restitution Payment followed by the Annual CMP Payment) shall be calculated as follows:

| a. | Where Adjusted Gross Income Plus Net Cash Receipts Total: | Percent of total to be paid by Nickolaou to persons listed in Attachment A is: |
|---|---|---|
| | Under $25,000.00 | 0% |
| | $25,000.00 up to and including $50,000.00 | 20% of the amount between $25,000.00 and $50,000 |
| | $50,000.00 up to and including $100,000 | $5,000.00 (which represents 20% of the amount between $25,000.00 and $50,000.00) plus 30% of the amount between $50,000.00 and $100,000. |
| | Above $100,000 | $20,000.00 (which represents 20% of the amount between $25,000.00 and $50,000.00 plus 30% of the amount between $50,000.00 and $100,000) plus 40% of the amount above $100,000. |

    b.    Nickolaou shall cooperate fully and expeditiously with the Monitor and the Commission in carrying out all duties with respect to his restitution. He shall cooperate fully with the Monitor and the Commission in explaining his financial income and earnings, status of assets, financial statements, asset transfers and tax returns, and shall provide any information concerning himself as may be required by the Commission and/or the Monitor. Furthermore, Nickolaou shall provide such additional information and documents with respect thereto as may be requested by the Commission and/or the Monitor.

    5.    Pursuant to Rule 71 of the Federal Rules of Civil Procedure, the purchasers listed in Attachment A are explicitly made intended third party beneficiaries of this Consent Order and, after the date the last payment called for by this Consent Order is due, may enforce obedience of this Consent Order to obtain satisfaction of any portion of the Restitution Amount which has not

been paid, to ensure continued compliance with any provision of this Consent Order and to hold Nickolaou in default and/or contempt for any past violations of this Consent Order.

6. <u>Collateral Agreements</u>: Nickolaou shall immediately notify the Commission and the Monitor if he makes or has previously made any agreement with any purchaser listed in Attachment A obligating him to make payments outside of the plan set forth in this Consent Order. Nickolaou shall also provide immediate evidence of any payments made pursuant to such agreement in the manner required by Section VI, paragraph 1.

7. <u>Transfer of Assets</u>: Nickolaou shall not transfer or cause others to transfer funds or other property to the custody, possession, or control of any members of his family or any other person for the purpose of concealing such funds from the Court, the Commission, the Monitor or any purchaser listed in Attachment A, starting from the date of the entry of this Order and continuing for ten years or until the Restitution Amount and the civil monetary penalty have been paid in full, whichever occurs sooner.

8. <u>Default</u>: Any failure by Nickolaou to carry out any of the terms, conditions or obligations under any paragraph of this Order shall constitute an Event of Default under this Order. If any Event of Default occurs and, if capable of being cured, is not cured within twenty (20) calendar days following the Commission's (or its designee) mailing of notice of such Event of Default to Nickolaou, the Commission (or its designee) and/or any purchaser listed in Attachment A shall be entitled to:

    a.    An order granting immediate payment of the Restitution Amount, plus post-judgment interest less any payments previously made, and the civil monetary penalty;

    b.    Petition the Court to consider all available remedies including, but not limited to, imposing sanctions for contempt of this Order;

c.     Enforce and take all legal steps necessary to satisfy the Permanent Injunction and otherwise declare the terms and conditions contained in this Order null, void and without legal force;

d.     Pursue Nickolaou for any and all additional claims and causes of action of any nature, in law or in equity, which the Commission or any purchaser listed in Attachment A have, may have or may have had against Nickolaou; and/or

e.     Use any statement heretofore or hereafter made by Nickolaou as evidence against him.

Nickolaou expressly agrees and this Court orders that upon the occurrence of an Event of Default, Nickolaou will be barred: (1) from asserting any defense, including expiration of any statute of limitations, waiver, estoppel or laches, where such defense is based on the alleged failure of the Commission or any purchaser listed in Attachment A to pursue such claims or causes of action during the pendency of this civil action, during the negotiation of Nickolaou's agreement to this Order or while this Order remains in effect; and/or (2) from objecting to, defending against or otherwise disputing the non-dischargeability of his obligations, including his obligations under this Order. The only issue that Nickolaou may raise in defense is whether he has made the Annual Restitution Payments and/or Annual CMP Payments as directed by the Monitor. Any motion by the Commission for entry of an order pursuant to this paragraph requiring payment of less than the full amount of the Annual Restitution Amount and/or the Annual CMP Amount, as set for in paragraphs one through seven above, or any acceptance by the Commission of partial payment of the Annual Restitution Amount and/or Annual CMP Amount made by Nickolaou, shall not be deemed a waiver of the Commission's right to require Nickolaou to make further payments pursuant to the payment plan set forth above, or, in the event of a further Event of Default, a waiver of the Commission's right to require immediate

payment of the entire remaining balance, or any unpaid portion, of the Restitution Amount or civil monetary penalty amount set forth above.

9. _Reliance on Financial Disclosure_: Based upon the sworn representations of Nickolaou contained in his Financial Disclosure Statement dated May 3, 2001, and other evidence provided by Nickolaou regarding his financial condition, the Court is not ordering immediate payment of the Restitution Amount other than the payment of the entire balance of the Alaron Trading Corporation account number 50015851, described in Part V, paragraph 2(a). Also, based on Nickolaou's sworn representations and other evidence provided by him regarding his financial condition, the Court is not ordering immediate payment of the CMP amount pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1, and Rule 143.8 of the Commission's Regulations, 17 C.F.R. § 143.8. The determination not to order immediate payment of the Restitution Amount or the CMP Amount is contingent upon the accuracy and completeness of the Financial Disclosure Statement and other evidence provided by Nickolaou regarding his financial condition. If at any time following the entry of this Consent Order, the Commission obtains information indicating that Nickolaou's representations to the Commission concerning his financial condition were fraudulent, intentionally misleading, inaccurate or incomplete in any material respect as of the time such representations were made, the Commission may, in its sole discretion and without prior notice to Nickolaou, petition this Court for an order requiring Nickolaou immediately to pay the Restitution Amount and/or the CMP Amount. In connection with any such petition, the only issues shall be whether the financial information provided by Nickolaou was fraudulent, misleading, inaccurate or incomplete in any material respect as of the time such representations were made, and the additional amount to be imposed. In its petition, the Commission may request that this Court consider all available remedies, including, but not

limited to, ordering Nickolaou to pay funds or transfer assets, directing the forfeiture of any assets, imposing sanctions for contempt of this Consent Order and/or the Commission may also request additional discovery. Nickolaou may not, by way of defense to such petition, challenge the validity of his consent to this Consent Order, contest the Findings of Fact or Conclusions of Law contained in this Consent Order, contest the Restitution Amount or assert that payment of the Restitution Amount and/or CMP Amount should not be ordered.

## VI.

## MISCELLANEOUS PROVISIONS

1.  Notices: All notices required to be given by any provision in this Consent Order shall be sent certified mail, return receipt requested, as follows:

Notice to Commission:

> Regional Counsel
> Division of Enforcement - Central Region
> Commodity Futures Trading Commission
> South Riverside Plaza, Suite 1600N
> Chicago, Illinois 60606

Notice to Monitor:

> Vice President of Compliance
> National Futures Association
> 200 West Madison Street
> Chicago, Illinois 60606

Notice to Defendant:

> Nicholas J. Nickolaou
> 2440 Albury Avenue
> Deltona, Florida 32738

In the event that Nickolaou changes his residential or business telephone number(s) and/or address(es) at any time, he shall provide written notice of his new number(s) and/or address(es) to the Monitor and to the Commission within twenty (20) calendar days thereof.

2.     Entire Agreement and Amendments: This Consent Order incorporates all of the terms and conditions of the settlement among the parties hereto. Nothing shall serve to amend or modify this Consent Order in any respect whatsoever, unless: (1) reduced to writing; (2) signed by all parties hereto; and (3) approved by order of this Court.

3.     Invalidation: If any provision of this Consent Order, or the application of any provisions or circumstances is held invalid, the remainder of the Consent Order and the application of the provision to any other person or circumstance shall not be effected by the holding.

4.     Waiver: The failure of any party hereto or of any purchaser listed in Attachment A at any time or times to require performance of any provision hereof shall in no manner affect the right of such party at a later time to enforce the same or any other provision of this Consent Order. No waiver in one or more instances of the breach of any provision contained in this Consent Order shall be deemed to be or construed as a further or continuing waiver of such breach or waiver of the breach of any other provision of this Consent Order.

5.     Successors and Assigns: This Order shall terminate upon the event of Nickolaou's death and its obligations shall not bind Nickolaou's heirs or assigns.

6.     Acknowledgements: Upon being served with copies of this Consent Order after entry by the Court, Nickolaou shall sign acknowledgments of such service and serve such acknowledgments on the Court and the Commission within seven (7) calendar days. Upon being served with copies of this Consent Order after entry by this Court, the Commission shall serve a copy of the Consent Order upon the Monitor and all persons identified in Attachment A within seven (7) calendar days.

7.   Release of all Liens:  Upon being served with the acknowledgments listed in paragraph 6, and following the transfer of the entire balance of Alaron Trading Corporation account number 50015851 as described in Part V, paragraph 2(a), the Commission shall release any and all remaining liens held on any or all property owned by Nickolaou, Audrey M. Lombardi-Nickolaou and/or World Wide Financial Traders Association, Ltd. within twenty (20) calendar days.

8.   Irrevocable for Thirty Days:  Nickolaou agrees to hold the offer of settlement contained in this Order open for thirty days commencing on the date that he signs this Order, and that the Order and each and every term of the Order shall be binding upon Nickolaou and irrevocable by him for a period of thirty days commencing on the date he signs this Order.

9.   Jurisdiction of this Court:  This Court shall retain jurisdiction of this cause to assure compliance with this Consent Order and for all other purposes related to this action.

**DONE AND ORDERED, ADJUDGED AND DECREED** this _20th_ day of _November_, 2001.

_____
The Honorable Paul E. Plunkett
United States District Judge

CONSENTED TO AND APPROVED BY:

**PLAINTIFF**

Commodity Future Trading Commission by:

_____
Clifford C. Histed
Trial Attorney
Commodity Futures Trading Commission

Elizabeth M. Streit
Senior Trial Attorney
Commodity Futures Trading Commission

**DEFENDANT**

_____
Nicholas J. Nickolaou
2440 Albury Avenue
Deltona, Florida 32738

17

Scott R. Williamson
Deputy Regional Counsel
Commodity Futures Trading Commission
300 S. Riverside Plaza, Suite 1600N
Chicago, Illinois 60606-6615
(312) 886-6144 (voice)
(312) 353-4502 (facsimile)

Ca-Ni Industries, Ltd. by
Nicholas J. Nickolaou
2440 Albury Avenue
Deltona, Florida 32738

DATED: _Nov. 20, 2001_

DATED: _Nov. 20, 2001_

# ATTACHMENT A

| LAST NAME | FIRST NAME | COMPANY NAME | STREET ADDRESS | CITY | STATE | ZIP CODE | AMOUNT |
|---|---|---|---|---|---|---|---|
| Ajmal | Mohammad | | 2202 Silver Spur | Round Rock | TX | 78681 | $2,000.00 |
| Amnuai | Paul Sithi | | 28118 Golden Ridge Lane | San Juan Capistrano | CA | 92675 | $3,109.00 |
| | | | 21812 SanJose St. | Chatsworth | CA | 91313 | |
| Ascha, MD | Ossama | 1334 W. Covina Blvd. San Dimas, CA 91773 | 20160 Limecrest Dr. | Covina | CA | 91724 | $109.90 |
| Babji | Raju | | 3 Palagonia Ave. | Irvine | CA | 92606 | $10,000.00 |
| Baldessarini | Livio | | Klingelbrink 6 | 3337-8 Rheda | Germany | | $100.00 |
| Bell | David B. or Pamela H. | | 1509 Miami Dr. | Longview | TX | 75601 | $109.90 |
| Biondi | Grace S. or Richard M. | | 6494 San Como Lane | Camarillo | CA | 93012 | $110.00 |
| Briscoe III | Stuart A. | Ortho Motion, Inc. | 9812 Hearthside Circle | Shreveport | LA | 71118-4801 | $10,000.00 |
| Carnes | James | | 4800 Main Street, #240 | Kansas City | MO | 64112 | $100.00 |
| Coleman | Ellery | | 133 Bunders Trail | Warner Robins | GA | 31088-7513 | $109.90 |
| Combs | Brent & Christie | Terminal Reality, Inc. 118 Hillside Dr. Lewisville, TX 75057 | 3319 Mayfaire Lane | Highland Village | TX | 75077 | $10,000.00 |
| Czaja | Mark A. & Mary K. | | 2629 NW 27th Ave. | Boca Raton | FL | 33434-3693 | $5,000.00 |
| Efrat | Isaac Y. | | 142 West End Ave., Suite 5W | New York | NY | 10023 | $109.90 |
| Eickelberg | Henry P. | | 4124 RFD | Long Grove | IL | 60097-9569 | $50.00 |
| Fadiman | Kim | | 5115 Sanibel-Captiva Rd. | Sanibel | FL | 33957 | $109.90 |
| Fredlund | Walter | Son Ron | 21401 NE Sandy Blvd. | Fairview | OR | 97024 | $10,040.00 |
| Frisbie | Donald C. | | 89136 Bridge St. or P.O. Box 173 | Springfield | OR | 97478 | $110.00 |
| Fuller | A.J. | | 2225 W. Oak #16 | Denton | TX | 76201 | $10,000.00 |
| Garmo | Luis J. | | 6255 Ledgeway Dr. | W. Bloomfield | MI | 48322 | $10,000.00 |
| Gelb | Steve & Lisa G. | | 10843 Bal Harbor Dr. | Boca Raton | FL | 33498-4544 | $5,000.00 |
| Gothreaux | Van or Roger | | 102 Ravine Run | Lafayette | LA | 70506 | $10,000.00 |
| Greesly, Jr. | William or Norma Jo | | 1559 County Road 31 | Bolckow | MO | 64427-6947 | $3,000.00 |
| Gress | Jerry | Golden West Fund Raisers, Inc. | 1533 Garnica Dr. | Stockton | CA | 95215 | $109.90 |
| Harper | Jack | | 23302 Allister Court | Katy | TX | 78729 | $1,000.00 |
| Hirshfeld | Richard Marshall | | 236 Wellington Drive | Charlottesville | VA | 22903-4647 | $109.90 |
| Holsinger | John | | 120 N. Alfred St. | Alexandria | VA | 22314 | $109.90 |
| Josslin | Richard | | 14805 NE 67th St. | Redmond | WA | 98052 | $110.00 |
| Keither, DMD | Keith S. | | 3633 Kutztown Rd. | Laureldale | PA | 19605 | $189.00 |
| Lee | Rubik | | 305 Hermosa Street | South Pasadena | CA | 91030 | $10,499.95 |
| Leinthall | Paul | Legacy Foundation, Inc. | 20437 Brainway | Tehachapi | CA | 93561 | $10,000.00 |
| Lindauer | Kenneth S. | | 206 Jennings Ave. | Patchogue | NY | 11772-2555 | $120.00 |
| Martinez | Brunilda | | 119 Lemoyne | Oak Park | IL | 60302 | $3,000.00 |
| McCusker | Ed | & Jeff Simon | 559B S. Dove Rd. | Yardley | PA | 19067-6323 | $10,000.00 |
| McGee | Robert F. | | 5112 Bounty Lane | Culver City | CA | 90230 | $2,110.00 |

| LAST NAME | FIRST NAME | COMPANY NAME | STREET ADDRESS | CITY | STATE | ZIP CODE | AMOUNT |
|-----------|-----------|--------------|----------------|------|-------|----------|--------|
| McLeod | Charles Mike | McLeod & Associates, Inc. P.O. Box 2631 Valdosta, GA 31604 | 812 Valerie Place | Valdosta | GA | 31605 | $109.45 |
| Milch | Charles S. | | 117 Woodview Drive | Elyria | OH | 44035 | $95.00 |
| Mitchell | Robin | | 289 W. 300 S. #50 | Mt. Pleasant | UT | 84647 | $10,000.00 |
| Modesitt | Jeffrey | | 2953 E. Otero Circle | Littleton | CO | 80122 | $10,000.00 |
| Moore | J.E. | C/o J&J Investment Research P.O. Box 397 | 1005 Sam Bass Rd. | Round Rock | TX | 78680 | $109.90 |
| O'Mara | Darrin | | 402 Cherry Lane | Oakdale | CT | 06370 | $10,000.00 |
| | | | 10 East Street | Waterford | CT | 06385 | |
| Orr | Ronald Atwood | | 938 Lorne Way | Sunnyvale | CA | 94087 | $210.00 |
| Pankow | Mark | | 345 Fullerton Pkwy #2206 | Chicago | IL | 60614 | $2,190.00 |
| Park | Peter | | 724 Stanton Drive | Weston | FL | 33326 | $10,000.00 |
| Phadnis | Vas Srinivas | | 43745 Nansa Court | Freemont | CA | 94539 | $10,000.00 |
| Pieropoulos | Dean | | 6409 Loomes | Downers Grove | IL | 60516 | $2,145.00 |
| Pisani | Robert | Tiburon Assoc. | 1442A Walnut St. | Berkeley | CA | 94709 | $109.95 |
| Quaranto | Franklin | | 38 Hickory Road | Marlborough | CT | 06447 | $10,000.00 |
| Quinn | Jeff | Quinn's Delivery Service | 505 N. Lake Shore Dr. | Chicago | IL | 60611 | $99.90 |
| Rice | Victor A. Dale A. | | 702 Yardville-Hamilton Sq. Rd. | Hamilton | NJ | 08691 | $109.90 |
| Romero | John O. | | 407 Chickentree Dr. | Cury | NC | 27511 | $10,000.00 |
| Rossi | Frank | | 24 Simcoe Road | Kettleby Ontario LOG IJO | Canada | | $200.00 |
| Sauerhier | Chuck | | 602 Cornwall Ave. | Arroya Grande | CA | 93420 | $50.00 |
| Schneiderman | Arthur | | 3243 S. Port Royale Dr. | Ft. Lauderdale | FL | 33306 | $110.00 |
| Schuett | James S. | | 403 Glenview Drive | Fostoria | OH | 44830 | $10,000.00 |
| Shepherd | Scott | | 6 Detroit Drive | Chatham, Ontario | Canada | N7M2L9 | $5,640.00 |
| Songer | Mike | | 73 Mark Drive | Hawthorn Woods | IL | 60047 | $10,000.00 |
| Stang | Timothy L. & Jane T. | | 2345 Oakridge Circle | Hudson | WI | 54016 | $10,209.00 |
| Stredney | Bill | | 11369 E. Sunnyside Drive | Scottsdale | AZ | 85259 | $10,000.00 |
| Tadoori | Pandu R. Padma V. | | 3374 Bertha Dr. | Baldwin | NY | 11510-5025 | $3,100.00 |
| Werthiem | Dr. Ray | | 7008 Fawn Trail Ct. | Bethesda | MD | 20817 | $100.00 |
| West | Woodrow W. Lula A. | | 220 Woodland Rd. | Hampton | VA | 23669-2427 | $130.00 |
| Wight | E. Ward | | 830 E. Powderhorn | Atlanta | GA | 30342 | $1,000.00 |
| Wilson | Scott or Susan E. | | 6582 S. Millstone Pl. | Littleton | CO | 80126-3854 | $2,109.90 |
| Wood | Charles | | 11739 Rutgers Drive | Richmond | VA | 23233 | $10,750.00 |
| TOTAL: | | | | | | | $265,105.15 |